**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


MARK C. DONALDSON,

      Plaintiff,

v.

US BANK NATIONAL ASSOCIATION and
BANK OF AMERICA,

      Defendants.
_____/

Civil Action No. 12-13435

Honorable Denise Page Hood


**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT,
ORDER DENYING REQUEST FOR JUDICIAL NOTICE,
ORDER GRANTING MOTION TO EXTEND SCHEDULING ORDER DATES,
and
ORDER SETTING DATES**

**I.     BACKGROUND**

On August 6, 2012, Plaintiff Mark C. Donaldson, proceeding *pro se*, filed the instant suit against Defendants US Bank National Association ("US Bank") and Bank of America ("BOA") alleging: Unlawful Foreclosure by Advertisement (Count I); Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA") Violations (Count II); Federal Debt Collections Practices Act ("FDCPA") Violations (Count III); and, Unjust Enrichment and Plaintiff as Third Party Beneficiary (Count IV).

The Complaint alleges that on April 28, 2006, Plaintiff executed a Mortgage and Promissory Note to FMF Capital, LLC with Mortgage Electronic Registration System ("MERS") as the Mortgagee in the amount of $161,000 for the property located at 1377 S. Karle St., Westland, Michigan. (Comp., ¶ 3)  Plaintiff filed bankruptcy and the debt was discharged in April 2009.

(Comp., ¶ 4) Defendant BOA published a Sheriff's Sale Date of April 29, 2012, which date was adjourned unknown to Plaintiff. (Comp., ¶ 6) The property was sold at a Sheriff's Sale on May 3, 2012 by a Foreclosure by Advertisement and the redemption period expired on November 3, 2012. (Comp., ¶ 7) Defendant BOA did not publish or post the adjournment of the Sale Date. (Comp., ¶ 8) Defendant US Bank was the purchaser of the property at the Sheriff's Sale in the amount of $202,614.89. (Comp., ¶ 9)

Plaintiff claims he made multiple attempts at loan modification through Defendant BOA. (Comp., ¶ 10) Plaintiff submitted Qualified Written Requests per RESPA from April 2011 to March 2012 which were not properly responded to by Defendants. (Comp., ¶ 11) Plaintiff provided multiple letters disputing the debt to Trott & Trott, Defendant BOA's attorneys from April 2011 to March 2012. (Comp., ¶ 12) Plaintiff attempted to locate the original promissory note, which has not been disclosed to Plaintiff. (Comp., ¶ 14) Plaintiff asserts that it is unknown whether Defendant US Bank is or ever has been the holder of the Note. (Comp., ¶ 14) There are no assignments, transfers or other documents recorded with the Wayne County Register of Deeds conveying interest held by FMF Capital to another party. (Comp., ¶ 15) The assignment of mortgage was recorded on April 21, 2011transferring the mortgage from MERS to Defendant US Bank. (Comp., ¶ 16) Defendant US Bank has a Pooling and Servicing Agreement that defines the procedures for transferring Mortgages and Notes. (Comp., ¶ 17) The Closing Date for transferring Mortgages and Notes to the Trust was June 27, 2006. (Comp., ¶ 18)

Plaintiff filed the instant Motion for Partial Summary Judgment[1] on October 3, 2012 prior

---

[1] E.D. Mich. LR 7.1(b)(2) provides that a party must file a single summary judgment motion to address all counts in a complaint.

to the Defendant filing its Answer, which was filed on October 4, 2012. Defendants filed a response and Plaintiff filed a reply.

**II.    ANALYSIS**

    **A.    Standard of Review**

Rule 56(a)[2] of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material.

---

[2] Plaintiff cites Rule 56(c), but the rules were amended in 2010 setting forth the standard in subsection (a) from subsection (c), although the standard remains the same as does case law interpreting the rule. Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendments.

*Anderson*, 477 U.S. at 248.

      **B.**      **Notice**

Plaintiff raises four arguments in his motion for partial summary judgment on Count I: proper notice was not provided after adjournment of the sale; plaintiff requested a meeting with US Bank,[3] but it never occurred; there was never an assignment to the servicer, US Bank; and, Defendants lack standing to foreclose.

Plaintiff asserts that the sale date was originally set for April 19, 2012, but was adjourned by an unknown party to May 3, 2012. Plaintiff claims there was no additional notice as to the adjourned sale. In response to the motion, Defendants submitted copies of Notices of Adjournment of Mortgage Foreclosure Sale from April 19, 2012 to April 26, 2012 and finally to May 3, 2012, which appears to have been published by the Detroit Legal News. (Resp., Ex. G) Defendants have raised genuine issues of material fact that notices were published adjourning the sale to May 3, 2012. The Court denies Plaintiff's Motion for Partial Summary Judgment on Count I based on lack of notice.

      **C.**      **Requested Meeting**

Plaintiff asserts that he requested a meeting with US Bank which did not occur. Plaintiff claims he complied with all aspects of MCL § 600.3204(3)(e), but that US Bank failed to schedule a meeting. Plaintiff therefore claims that US Bank did not have the right under MCL § 600.3204 to execute a Foreclosure by Advertisement since no meeting was held between Plaintiff and US Bank.

---

[3] Plaintiff notes the acronym "BANA" in his motion without indicating the full name. It is assumed "BANA" refers to US Bank based on the documents the Court is referred to in his motion.

Defendants respond that US Bank was not required to schedule a meeting with Plaintiff because he failed to return the requested documents (prior to the scheduling of a meeting) as required under MCL § 600.3204(4), which provides that a meeting is not required if the mortgagor has failed to provide documents required by MCL § 600.3205b(2).  MCL § 600.3204(4). Defendants submitted a declaration of Theresa Woodbridge asserting that Plaintiff failed to return the documents sent by US Bank's counsel in response to Plaintiff's request for a meeting to discuss potential modification of the loan.  (Resp., Ex. D, ¶ 6)  A letter was sent to Plaintiff indicating a completed package had not been received.  (Resp., Ex. E)  Based on these documents submitted by Defendants, there remain genuine issues of material fact as to whether Defendants complied with the statute.  Plaintiff's Motion for Partial Summary Judgment on Count I is denied.

### D.     No Assignment

Plaintiff claims that the record is barren of any assignment to the foreclosing party, the servicer in this case, US Bank.  Plaintiff asserts that US Bank foreclosed the mortgage without an assignment in violation of MCL § 600.3204(3).  In response, Defendants assert that US Bank is allowed to foreclose as a "servicer" under MCL § 600.3204(1)(d) which provides that the foreclosing party must either be an owner of or has interest in the indebtedness or the "loan servicer".  MCL § 600.3204(1)(d).  Plaintiff does not dispute that US Bank is the servicer of the mortgage at issue.  Based on the statute, US Bank has the authority to foreclose based on its status as a "servicer."  Plaintiff's Motion for Summary Judgment based on the argument that there was no assignment of the mortgage to US Bank is denied.

### E.     Defendants Lack Standing to Foreclose

Plaintiff finally argues that Defendants had no standing to foreclose on the property under

New York Trust Laws since US Bank did not transfer Plaintiff's mortgage to the Trust, citing NY EPT Law 7-2.4, "any act of the Trustee in contravention of the Trust is void." (Motion, p. 5) Plaintiff asserts that the PSA[4] which created the trust states the exact method, and time limits for transferring the Notes and Mortgages to the Trust. Plaintiff claims that the April 8, 2011 assignment of the mortgage was fraudulent and illegal.

In response, Defendants argue that Plaintiff did not submit the PSA, therefore the Court is unable to determine whether the PSA has been violated. Defendants further argue that Plaintiff has no standing to challenge whether the PSA was breached because he is not a party to the PSA. Defendants claim that Plaintiff's generic attack on securitization of the mortgage also fails because the mortgage explicitly provides that the note can be sold one or more times without prior notice to the borrower. (Resp. Ex. B, ¶ 20) Defendants assert that Plaintiff also lacks standing to challenge the assignment since he is not a party to the assignment.

Although Plaintiff submitted a copy of the Pooling and Servicing Agreement, which is more than 300 pages in length, Plaintiff has not identified the provision he claims was violated. The Court is not obligated to search the more than 300 pages to find support for Plaintiff's argument. Plaintiff does not rebut Defendants' argument that Plaintiff was not a party to the PSA or the assignment at issue. Plaintiff has not shown that he has standing to challenge the assignment. Plaintiff has failed to establish that he is entitled to partial summary judgment on his argument that Defendants lack standing to foreclose on the property at issue.

### F. Counter Motion for Partial Summary Judgment

---

[4] Plaintiff does not identify the acronym "PSA", but the Court assumes based on his Request for Judicial Notice that it refers to the Pooling and Servicing Agreement filed with the Securities and Exchange Commission.

In their response, without a separate motion, Defendants seek partial summary judgment in their favor as to Count I.  Although Rule 56(f) allows the Court to issue summary judgment in the non-movant's favor after notice to the moving party, the Court declines to do so at this time.  It is noted that the Court's ECF Filing Policies and Procedures provide that "a response or reply to a motion must not be combined with a counter-motion" and that papers filed in violation of this rule will be stricken.  E.D. Mich. ECF Pol. & Proc. R5(e).  The Court will not strike Defendants' response, but denies, without prejudice, Defendants' request for partial summary judgment.

### G.	Plaintiff's Request for Judicial Notice (#12)

Plaintiff submitted two documents, Exhibits T and U.  Plaintiff requests that the Court take judicial notice of the documents under Fed. R. Evid. 201.  Rule 201 governs judicial notice of an adjudicative fact.  Plaintiff has not argued how these two exhibits are relevant to "adjudicative" facts.  If these documents are in fact publicly-filed documents before the SEC, then no "adjudicative" facts are required to be determined at this time.  It appears Plaintiff submitted these documents to support his argument that Defendants' assignments violated the PSA.  The Court denies Plaintiff's request that the Court take judicial notice of the documents submitted at this time.

## III.	CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment as to Count I (wrongful foreclosure) (Doc. No. 4) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Judicial Notice (Doc. No. 12) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Scheduling Order

Deadline extending the dispositive motion deadline 60 days after the issuance of the Court's ruling (Doc. No. 18) is GRANTED. All previously set dates are canceled.

The following dates govern this matter:

All motions, other than trial motions in limine must be filed by: **October 30, 2013**

The Final Pre-Trial Conference will be held on: **February 18, 2014, 2:30 p.m.**
    The proposed Joint Final Pretrial Order must be submitted by: **February 11, 2014**
    Any trial motions in limine must be filed by: **February 11, 2014**

The Jury Trial is set for: **Tuesday, March 11, 2014, 9:00 a.m.**


          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: September 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 4, 2013, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager